IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04419-RBJ

ALVARO RAMIREZ SALVADOR,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner Alvaro Ramirez Salvador's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.

The Petition itself does not provide background information about Mr. Salvador, but exhibits attached to the Petition state that he is a 53-year old citizen of Mexico who entered the United States without inspection in 1998 and has lived here ever since. ECF No. 1-2 at 3; ECF No. 1-6 at 2. Mr. Salvador is married to another Mexican citizen and has two adult children and two minor children, all born in the United States. ECF No. 1-2 at 4.

On January 13, 2025, Mr. Salvador was the subject of a targeted enforcement operation and taken into custody. ECF No. 1 at 7; ECF No. 1-2 at 3. The I-213 form

filed after his arrest states that after officers pulled over Mr. Salvador in a vehicle, he "failed to roll down the window after numerous commands." ECF No. 1-2 at 3. An officer broke the driver's side window of the car and removed Mr. Salvador from the vehicle. *Id.*

The I-213 also says that Mr. Salvador was previously arrested in 1997 and 2005. *Id.* at 4. The Petition disputes the existence of a 1997 conviction for Mr. Salvador and maintains that he has had no criminal conduct in the approximately twenty years preceding his 2026 immigration arrest. ECF No. 1 at 15-16.

On April 7, 2026, through prior counsel, Mr. Salvador filed a habeas petition challenging his detention under 8 U.S.C. § 1226(a). ECF No. 1 at 14; ECF No. 1-6 at 2. Magistrate Judge Varholak granted the petition and ordered a bond hearing, which was held on May 6, 2026. ECF No. 1-6 at 4. At the hearing, an Immigration Judge denied bond, relying on evidence filed of Mr. Salvador's criminal history and "the violent circumstances of his arrest." ECF No. 1-4 at 1-2.

In the present Petition, Mr. Salvador asserts three independent grounds for challenging his detention. First, he was not arrested pursuant to a valid I-200 warrant because the warrant was facially invalid and based on false statements. ECF No. 1 at 18. Second, Respondents failed to make the required initial individualized custody determination whether he would be kept in custody or released. *Id.* at 20. Third, the May 6, 2026, bond hearing was constitutionally deficient because it did

not make "an individualized, forward-looking determination supported by evidence making present dangerousness highly probable." *Id.* at 20-21. The petition also claims that it addresses "materially different legal questions" than the prior petition granted by Judge Varholak. *Id.* at 14.

Mr. Salvador requests that the Court, among other things, order his immediate release. *Id.* at 23.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins Respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording Respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Monday, September 21, 2026, to: (1) serve Respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

Within seven days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (stating that 28 U.S.C. § 2243's three-day deadline is "subordinate to the district court's authority to set deadlines") (citation omitted). Respondents are ordered to address in their response the effect, if any, of Mr. Salvador's prior petition, Judge Varholak's order granting the petition, or the Immigration Judge's order denying bond.

Dated: September 16, 2026. BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge