IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04419-RBJ

ALVARO RAMIREZ SALVADOR,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Alvaro Ramirez Salvador's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1.

Petitioner seeks an order declaring his current immigration detention unlawful under the Constitution and United States law and asks this Court to order his release. *Id.* at 23. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 6 at 1-2. If so, Respondents state that the appropriate relief would be to order a bond hearing for Petitioner or to release him. *Id.*

For the reasons set forth below, the Court finds that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

The Petition itself does not provide background information about Mr. Salvador, but exhibits attached to the Petition state that he is a 53-year old citizen of Mexico who entered the United States without inspection in 1998 and has lived here ever since. ECF No. 1-2 at 3; ECF No. 1-6 at 2. Mr. Salvador is married to another Mexican citizen and has two adult children and two minor children, all born in the United States. ECF No. 1-2 at 4.

On January 13, 2025, Mr. Salvador was the subject of a targeted enforcement operation and taken into custody. ECF No. 1 at 7; ECF No. 1-2 at 3. The I-213 form filed after his arrest states that after officers pulled over Mr. Salvador in a vehicle, he "failed to roll down the window after numerous commands." ECF No. 1-2 at 3. An officer broke the driver's side window of the car and removed Mr. Salvador from the vehicle. *Id.*

The I-213 also says that Mr. Salvador was previously arrested in 1997 and 2005. *Id.* at 4. The Petition disputes the existence of a 1997 conviction for Mr. Salvador and maintains that he has had no criminal conduct in the approximately twenty years preceding his 2026 immigration arrest. ECF No. 1 at 15-16.

On April 7, 2026, through prior counsel, Mr. Salvador filed a habeas petition challenging his detention under 8 U.S.C. § 1226(a). ECF No. 1 at 14; ECF No. 1-6 at 2. Magistrate Judge Varholak granted the petition and ordered a bond hearing,

which was held on May 6, 2026. ECF No. 1-6 at 4. At the hearing, an Immigration Judge denied bond, relying on evidence filed of Mr. Salvador's criminal history and "the violent circumstances of his arrest." ECF No. 1-4 at 1-2.

In the present Petition, Mr. Salvador asserts three independent grounds for challenging his detention. First, he was not arrested pursuant to a valid I-200 warrant because the warrant was facially invalid and based on false statements. ECF No. 1 at 18. Second, Respondents failed to make the required initial individualized custody determination whether he would be kept in custody or released. *Id.* at 20. Third, the May 6, 2026, bond hearing was constitutionally deficient because it did not make "an individualized, forward-looking determination supported by evidence making present dangerousness highly probable." *Id.* at 20-21. The petition also claims that it addresses "materially different legal questions" than the prior petition granted by Judge Varholak. *Id.* at 14.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

In the Court's initial order in this case dated September 16, 2026, the Court ordered Respondents to show cause as to why the Petition should not be granted and specifically asked Respondents to "address in their response the effect, if any, of Mr. Salvador's prior petition, Judge Varholak's order granting the petition, or the Immigration Judge's order denying bond." ECF No. 4 at 4. Respondents did not address these issues, and the Court therefore declines to analyze any possible preclusive effects of the prior petition on the merits of Petitioner's present challenge to his detention. In fact, Respondents have not provided any evidence or argument to support the lawfulness of Petitioner's arrest, continued detention, or bond hearing. Thus, the Court finds that Petitioner's present detention is unlawful.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the

mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that release is an appropriate remedy in this case if the Court grants the writ. ECF No. 6 at 1-2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: September 24, 2026 BY THE COURT:

R. Brooke Jackson

[1] To the extent Petitioner seeks attorney fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.

Senior United States District Court Judge